1  GIBSON, DUNN & CRUTCHER LLP
   JOSHUA S. LIPSHUTZ, SBN 242557
2    jlipshutz@gibsondunn.com
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone:   415.393.8200
4  Facsimile:   415.393.8306

5  JAMES FOGELMAN, SBN 161584
     jfogelman@gibsondunn.com
6  THEANE EVANGELIS, SBN 243570
     tevangelis@gibsondunn.com
7  MICHAEL HOLECEK, SBN 281034
     mholecek@gibsondunn.com
8  333 South Grand Avenue
   Los Angeles, CA 90071-3197
9  Telephone:   213.229.7000
   Facsimile:   213.229.7520

10
11 Attorneys for Respondent DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINE BOYD, et al., | CASE NO. |
| Petitioners, | **RESPONDENT DOORDASH, INC.'S NOTICE OF REMOVAL** |
| v. | [Removal from Superior Court of California, County of San Francisco, Case No. CPF-19-516930] |
| DOORDASH, INC., | |
| Respondent. | [Declaration of Joshua Lipshutz filed concurrently herewith] |
| | Action Filed:  November 19, 2019 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PETITIONERS CHRISTINE BOYD ET AL. AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and in accordance with 28 U.S.C. §§ 1331, 1367, Respondent DoorDash, Inc. ("DoorDash") hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CPF-19-516930, to the United States District Court for the Northern District of California, San Francisco Division.  Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. Petitioners Christine Boyd et al. filed a Petition to Compel Arbitration against DoorDash on November 19, 2019, in San Francisco County Superior Court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Petition, Civil Case Cover Sheet, Petitioners' Proof of Service, and Petitioners' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause are attached as Exhibits A–F to the Declaration of Joshua Lipshutz ("Lipshutz Decl.") filed concurrently herewith.

2. Plaintiff served DoorDash, through DoorDash's agent for service of process, Registered Agent Solutions, Inc., with the Summons and Petition on November 19, 2019.  *See* Lipshutz Decl. Ex. E.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## SUMMARY OF PETITIONERS' ALLEGATIONS

3. Petitioners allege that they are 3,997 independent-contractor delivery providers who previously filed arbitration demands against DoorDash with the American Arbitration Association ("AAA") seeking to arbitrate claims that they were misclassified as independent contractors.  Compl. ¶¶ 1, 3.

4. Petitioners allege that AAA terminated their arbitrations due to DoorDash's "refusal to satisfy its filing fee obligations."  *Id.* ¶ 7.

5.      On November 19, 2019, Petitioners filed a Petition to Compel Arbitration in the Superior Court of California, County of San Francisco, purporting to seek relief from the Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, "to require DoorDash to abide by the arbitration agreement it drafted." *Id.* ¶ 8.

6.      That same day, Petitioners filed an *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause regarding DoorDash's updated arbitration agreement.  *See* Lipshutz Decl. Ex. F.

## GROUNDS FOR REMOVAL

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it raises a federal question.  This action, therefore, may be removed to federal court under 28 U.S.C. § 1441(a).  Supplemental jurisdiction exists with respect to any remaining state-law claims under 28 U.S.C. § 1367.

8.      Although the FAA itself "does not create any independent federal-question jurisdiction," *Southland Corp. v. Keating*, 456 U.S. 1, 16 n.9 (1984), courts should "look through" a petition to compel arbitration filed under 9 U.S.C. § 4 to determine whether, assuming the absence of an arbitration agreement, the parties' underlying claims raised a federal question such that the court would have subject matter jurisdiction, *Vaden v. Discover Bank*, 556 U.S. 49, 62–64 (2009).

9.      Petitioners in this case filed their petition to compel arbitration under the FAA, 9 U.S.C. § 4.  Lipshutz Decl. Ex. C, ¶ 31.

10.     Several of the arbitration demands filed by those same Petitioners before AAA include claims against DoorDash seeking relief under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 ("FLSA").  *See* Lipshutz Decl. Ex. G (Petitioner Rosas "seek[ing] all available relief under … 29 U.S.C. §§ 206, 207 (Minimum Wage & Overtime)"); *id.* Ex. H (Petitioner Grim "seek[ing] all available relief under … 29 U.S.C. §§ 206, 207 (Minimum Wage & Overtime)"); *id.* Ex. I (Petitioner Allen "seek[ing] all available relief under … 29 U.S.C. §§ 206, 207 (Minimum Wage & Overtime)").

11.     Looking through the petition to compel arbitration here makes clear that this Court has jurisdiction.  Several Petitioners seek relief under the FLSA, a federal statute that bestows jurisdiction under 28 U.S.C. § 1331.  *See* Lipshutz Decl. Exs. G–I ("Claimant seeks all available relief under the

following provisions … : 29 U.S.C. §§ 206, 207."). Federal question jurisdiction is proper where (as here) "the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

12. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Petitioners raise a federal question. This Court has supplemental jurisdiction over any remaining state-law claims under 28 U.S.C. § 1367. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446.

13. The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Petitioners originally filed the case, in the Superior Court of San Francisco County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

14. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon DoorDash are attached as Exhibits A–F to the Declaration of Joshua Lipshutz filed concurrently herewith.

15. Upon filing the Notice of Removal, DoorDash will furnish written notice to Petitioners' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County, pursuant to 28 U.S.C. § 1446(d).

16. WHEREFORE, DoorDash hereby removes to the Court the above action pending against it in the Superior Court of California, San Francisco County.

Dated: November 20, 2019      GIBSON, DUNN & CRUTCHER LLP


By:    */s/ Joshua Lipshutz*
            Joshua Lipshutz


Attorneys for Respondent DOORDASH, INC.